Nash, J.
 

 We do not concur with his Honor, the presiding Judge, in the charge he gave to the jury. In the first part of it, he submits to them to ascertain whether the process had been duly returned according to law.
 
 *37
 
 The defendant had not tendered such a plea. If he had, it would have been the province of the jury to ascertain the existence of the facts relied on as constituting a return, and the duty of the Court to instruct them, as to their sufficiency in law to have that effect. So, with respect to the other portion of the charge. The jury was instructed, if the plaintiff had concluded to enlarge the time, within which the defendant was to make his return, it would be a discharge. There was no such de-fence made by the pleas. These, however, are errors, if they be such, which operate no injury „to the defendant; for, from the case agreed, the plaintiff is very clearly entitled to judgment against him according to his
 
 sci. fa.
 

 We are entirety satisfied, that neither of the pleas to the country can avail the defendant. The first is, that he had tendered the execution to the Clerk, who had refused to receive it; the second, that the Clerk died during the term, meaning, we presume, that, in consequence thereof, he was unable to make a return. To these pleas, the plaintiff might and ought to have demurred. If true, they were no answer to the charge. The law requires that the writ shall be returned to the Court and not to the Clerk. The language of the
 
 fi. fa.
 
 is, “and have you the said moneys, besides your fees for this service, before our said Court to be held, &c. on &c., and have you
 
 then
 
 and
 
 there
 
 this writ.” The precept then is to be returned to the
 
 Court,
 
 from which it issued, and not to the Clerk. It is true the Clerk is the officer of the Court to receive the writ, and whatever may be raised upon it, as his office is the place where the records of the Court are kept and preserved. If the Clerk will not receive the return, when tendered to him, the officer, to discharge his duty, must return the precept and the money, if he has made it, to the Court. They will, upon a proper representation, make such order, as the case may require, and in a proper case, direct their officer to receive the process. That
 
 *38
 
 this is so is shown by the fact, that if, as in this case, the Clerk should suddenly die, it would exonerate the sheriff from making any returns whatever, until another Clerk should be chosen — thereby much loss might be sustained, not only by plaintiffs in execution, but by other suitors. Neither then was the tender to the Clerk, and his refusal to receive the process, a due return by the defendant, nor was his death any excuse.
 

 Per Cueiam. Judgment-affirmed.